UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD AUSTIN BALES,<br><br>                Plaintiff,<br><br>  v.<br><br>B. DANIELSON, SGT. G. BASS, MELISSA SHAW and NURSE RANDI,<br><br>                Defendants. | NO: 2:15-CV-0162-TOR<br><br>ORDER REJECTING REPORT AND RECOMMENDATION, DENYING MOTIONS AS MOOT AND DIRECTING SERVICE OF PROCESS<br><br>***ACTION REQUIRED*** |

BEFORE THE COURT is Magistrate Judge Hutton's Report and Recommendation to dismiss this action based on Plaintiff's failure to prosecute (ECF No. 10). In response, Plaintiff filed timely Objections (ECF No. 11), a First Amended Complaint (ECF No. 12), a Motion to compel discovery (ECF No. 13), and a document titled "First Amended Complaint Adding Names of Defendants" (ECF No. 14). Plaintiff is currently housed at the Federal Correctional Institution in

ORDER REJECTING REPORT AND RECOMMENDATION, DENYING
MOTIONS AS MOOT AND DIRECTING SERVICE OF PROCESS -- 1

1  Manchester, Kentucky. He is proceeding *pro se* and *in forma pauperis;* Defendants
2  have not been served.

3  By Order filed August 3, 2015 (ECF NO. 6), Magistrate Judge Hutton granted
4  Plaintiff leave to amend his complaint to state the date(s) in 2011, when unidentified
5  jail officials failed to protect him from harm by another inmate. In addition, Plaintiff
6  was directed to provide the names of his intended Defendants, as it was not possible
7  for the U.S. Marshal to serve exclusively "John or Jane Does." When Plaintiff did
8  not file an amended complaint, Magistrate Judge Hutton duly recommended
9  dismissal for failure to prosecute.

10  In his Objections, Plaintiff indicated that he had been unable to obtain the
11  names of the John and Jane Doe Defendants, despite a "discovery request," and that
12  he had no intention of abandoning this litigation. In his Motion, Plaintiff asks the
13  Court to direct that unidentified persons employed at the Spokane County Detention
14  Center comply with his discovery requests. While these matters were before the
15  Court for review, Plaintiff submitted a document identifying the intended
16  Defendants (ECF No. 14).

17  Therefore, **IT IS ORDERED** the Report and Recommendation to dismiss this
18  action for failure to prosecute (ECF No. 10) is **REJECTED. IT IS FURTHER**
19  **ORDERED** the pending Motion to Compel Discovery (ECF No. 13) is **DENIED**
20  **as moot.**

ORDER REJECTING REPORT AND RECOMMENDATION, DENYING
MOTIONS AS MOOT AND DIRECTING SERVICE OF PROCESS -- 2

Reading the First Amended Complaint (ECF No. 12) in conjunction with the First Amended Complaint Adding Names of Defendants (ECF No. 14), the Court Finds that Plaintiff has alleged sufficient facts against identified Defendants to require a response under 42 U.S.C. § 1997e(g)(2).  Accordingly, **IT IS HEREBY ORDERED:**

1. The United States Marshal, in compliance with Fed. R. Civ. P. 4(c)(3) and (d), shall send, by First Class Mail, **copies** of the Summons, the First Amended Complaint (ECF No. 12) and First Amended Complaint Adding Names of Defendants (ECF No. 14), and this Order, upon the above-named Defendants, together with a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons and a return envelope, postage prepaid, addressed to the sender. The costs of mailing shall be advanced by the United States.

2. **The United States Marshal's office shall retain the original Summons(es) in the event Defendants refuse to waive service or do not waive service in a timely manner, thereby necessitating personal service pursuant to Fed. R. Civ. P. 4(e) and/or 4(j)(2).  Defendant shall have thirty (30) days after the requests are sent to return the waivers (Fed. R. Civ. P. 4(d)(1)(F)) and if they fail to do so within that time, the United States Marshal will effect personal service pursuant to Fed. R. Civ. P. 4(e) and/or 4(j)(2).** In the absence of good

1 cause, each Defendant who fails to return the Waiver of Service of Summons will

2 be required to pay the expenses of service.

3       3.     The District Court Executive shall mail a copy the First Amended

4 Complaint (ECF No. 12) and the First Amended Complaint Adding Names of

5 Defendants (ECF No. 14) to the Office of the **SPOKANE COUNTY**

6 **PROSECUTING ATTORNEY.**

7       4.     Defendants shall file an answer or otherwise respond to Plaintiff's First

8 Amended Complaint (ECF Nos. 12 and 14) within sixty (60) days after mailing (if

9 formal service is waived), forty-five (45) days if service is not waived. Failure to so

10 respond may result in entry of a default judgment, pursuant to Local Rule 55.1. A

11 Notice of Appearance is not an adequate response.

12       5.     **The District Court Executive shall set a case management deadline**

13 **sixty (60) days after the date of this Order.**

14       6.     Plaintiff shall serve upon Defendants, or if appearance has been entered

15 by counsel, upon their attorney, a copy of every further pleading or other document

16 submitted for consideration by the Court. He shall include, with the original paper

17 to be filed with the District Court Executive, a certificate stating the date a true and

18 correct copy of any document was mailed to the Defendant or to his counsel. Any

19 paper received by a District Judge or Magistrate Judge which has not been filed with

20 the District Court Executive or which fails to include a certificate of service will be

1  disregarded by the Court. Plaintiff is also advised that, throughout this action, he

2  must notify the District Court Executive regarding any change of address and phone

3  number (at least a message phone). Failure to do so might result in the dismissal of

4  the action if the Court is unable to contact Plaintiff.

5  **IT IS SO ORDERED**. The District Court Executive is directed to enter this

6  Order and forward a copy to the Plaintiff and to the United States Marshal's Office.

7  **DATED** November 17, 2015.



THOMAS O. RICE
United States District Judge

ORDER REJECTING REPORT AND RECOMMENDATION, DENYING
MOTIONS AS MOOT AND DIRECTING SERVICE OF PROCESS -- 5