UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD AUSTIN BALES,<br><br>Plaintiff,<br><br>v.<br><br>B. DANIELSON, SGT. G. BASS, MELISSA SHAW and NURSE RANDI,<br><br>Defendants. | NO: 2:15-CV-0162-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO REMOVE DEFENDANTS' COUNSEL |

BEFORE THE COURT are Defendants' Motion to Dismiss (ECF No. 17) and Plaintiff's Motion Requesting Court to Remove Spokane County Prosecuting Attorney as Counsel for the Defendants Due to Potential Conflict of Interest (ECF No. 23). These matters were submitted without oral argument. Plaintiff is currently housed at the Catoosa County Jail in Ringgold, Georgia. He is proceeding *pro se* and *in forma pauperis*. Defendants are represented by Robert B. Binger. The Court has reviewed the record and files herein, and is fully informed.

**BACKGROUND**

On June 25, 2015, Plaintiff initiated this action under 42 U.S.C. § 1983 against John and Jane Does, unidentified officials at the Spokane County Jail. ECF No. 1. Plaintiff's complaint alleges that in 2011 he was placed in a cell with a cellmate who doped and sodomized him, and consequently, he was diagnosed with Post Traumatic Stress Disorder ("PTSD") in October 2013. Plaintiff argues that the jail officials violated his Eighth Amendment rights by failing to protect him from the other prisoner.

On August 3, 2015, Magistrate Judge Hutton issued an order granting Plaintiff leave to amend his complaint in order to identify Jane and John Does. ECF No. 6. In the Order, Plaintiff was advised that the amended complaint will act a complete substitute for, not a supplement to, his original complaint. *Id.* at 8. The Order further advised Plaintiff that the amended complaint must be rewritten or retyped in its entirety and it may not incorporate any part of the original complaint by reference. *Id.*

On October 23, 2015, Plaintiff filed his First Amended Complaint, alleging the same cause of action, but omitting facts such as his PTSD diagnosis and details surrounding the assault. ECF No. 12.

On November 3, 2015, Plaintiff filed a document titled First Amended Complaint Adding Names of Defendants. ECF No. 14. This version of his

complaint alleges no facts and claims, provides the names of the Defendants, and explains why the names could not be provided at an earlier date.

On December 2, 2015, Defendants filed the instant motion to dismiss, arguing Plaintiff's complaint is barred by the applicable statute of limitation. ECF No. 17. Plaintiff filed briefings in opposition. ECF Nos. 22, 26. Defendants replied. ECF No. 24.

On December 14, 2015, Plaintiff filed a motion requesting the court to remove Defendants' counsel due to potential conflict of interest. ECF No. 23. Defendants did not respond.

## DISCUSSION

### I. Motion to Dismiss

#### a. Standard of Review

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a plaintiff must allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "In conducting this review, we accept the factual allegations of the

complaint as true and construe them in the light most favorable to the plaintiff." *AE ex rel Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

"A district court may dismiss a claim if the running of the statute is apparent on the face of the complaint." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (internal quotation marks and brackets omitted). "However, a district court may do so only if the assertions of the complaint read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*

**b. Analysis**

Defendants argue that this Court lacks jurisdiction over Plaintiff's claims because he did not file a complaint within the three year statute of limitations. ECF No. 17 at 2. In support, Defendants argue that Plaintiff alleges the assault occurred in May of 2011, and this action was initiated over four years later, on June 25, 2015, outside of the statute of limitation. *Id.* Plaintiff responds that he does not rely on the assault as the basis for his complaint, but rather, his PTSD, which he was diagnosed with less than three years ago. ECF No. 22.

42 U.S.C. § 1983 does not contain its own statute of limitations. Consequently, the appropriate statute of limitations for a 42 U.S.C. § 1983 claim is the forum state's statute of limitations for tort actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under Washington law, this period is three years. *RK Ventures,*

*Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (citing RCW 4.16.080(2)).

The issue before the Court is when the statute of limitations began to run on Plaintiff's claim. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388. "A federal claim accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (quoting *Norco Const., Inc. v. King County*, 801 F.2d 1143, 1145 (9th Cir. 1986)); *see Davis v. United States*, 642 F.2d 328, 330 (9th Cir. 1981) ("The general rule in tort law is that the claim accrues at the time of the plaintiff's injury."). The Ninth Circuit has "interpreted the question … of what … we mean by injury with some flexibility, and held that a claim accrues not just when the plaintiff experiences the injury, but when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (quoting *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008) (internal quotation marks and modifications omitted).

The Court finds Plaintiff's claim accrued in May 2011, at the time of his assault, when he first knew or should have known of the injuries that formed the basis of his claims. Despite Plaintiff's argument to the contrary, his PTSD

diagnosis does not call for a delayed accrual date.[1] At most, his PTSD diagnosis suggests he may not have comprehended the full extent of his injuries until 2013, but his awareness that he suffered some injury is sufficient to trigger his duty to investigate possible claims. *See Wallace*, 549 U.S. at 391 ("[T]he tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable."). "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Id.* Accordingly, because Plaintiff knew of his assault in May 2011, through the exercise of reasonable diligence, he should have known of all the manifestations of that injury within the statutory period. In fact, Plaintiff did learn of his PTSD diagnosis before the statute of limitations expired on his claim, yet he delayed in filing this action until June 25, 2015, over a year past the

---

[1] The Court observes that Plaintiff only included this allegation in his original complaint, and omitted it from his First Amended Complaint (ECF No. 12) and First Amended Complaint Adding Defendants Names (ECF No. 14). Even if Plaintiff once again amended his complaint, the amendment would be futile as explained herein.

statute of limitations. Therefore, Plaintiff's complaint is plainly time-barred under § 1983.

**II. Revocation of In Forma Pauperis Status**

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**ACCORDINGLY, IT IS SO ORDERED**.

1. Defendants' Motion to Dismiss (ECF No. 17) is **GRANTED**.
2. Plaintiff's claims are **DISMISSED with prejudice**.
3. Plaintiff's Motion Requesting Court to Remove Spokane County Prosecuting Attorney as Counsel for the Defendants (ECF No. 23) is **DENIED as moot.**

4. Plaintiff's *in forma pauperis* status is revoked. Plaintiff is still obligated to pay the full filing fee for this action according to the Order Directing Institution to Calculate, Collect and Forward Payment (ECF No. 7).

The District Court Executive is directed to enter this Order and Judgment accordingly, provide copies to the parties, and **CLOSE** this case.

**DATED** February 12, 2016.




THOMAS O. RICE
Chief United States District Judge